IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-691 (MN) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1138 (MN) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1594 (MN) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANT'S RENEWED MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS**

## I.     ARGUMENT

The Court's Scheduling Order in this case expressly states that "[t]he parties shall not file case dispositive motions without leave of Court."  *See* C.A. No. 21-691, D.I. 31 at ¶ 15.  Avadel did not seek leave of the Court before filing its "Renewed Motion for Partial Judgment on the Pleadings" (D.I. 117), and its motion should therefore be denied.

A "scheduling order is an important tool in controlling litigation."  *United States ex rel. Streck v. Allergan, Inc.*, No. 08-5135, 2015 WL 12834374, at *1 n.1 (E.D. Pa. Apr. 9, 2015).  It is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Id.* (citation omitted).  Instead, Federal Rule of Civil Procedure 16 "gives the district courts wide latitude to manage discovery and other pretrial matters, and to set deadlines for amending pleadings, filing motions, and completing discovery."  *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007).

Accordingly, when a Scheduling Order provides that leave must be sought prior to filing a motion, courts within this Circuit routinely deny motions filed without first seeking the requisite leave.  *See, e.g.*, *Simon v. Robinson*, 219 F. App'x 137, 139 (3d Cir. 2007) (affirming denial of motion brought under Rule 60 where "submission violated the portion of the District Court's June 2, 2006 order that forbade filing without leave of court any further pleadings in that court arising out of the same facts"); *Bd. of Regents v. Boston Sci. Corp.*, No. 18-392-MN, D.I. 205 (D. Del. June 15, 2022) (holding "that the motion is DENIED for failure to comply with this Court's procedures set forth in the Scheduling Order.") (Ex. A); *Amgen Inc. v. Hospira, Inc.*, No. 18-1064-CFC, 2021 WL 4935868, at *1 (D. Del. May 20, 2021) ("Because Defendants did not comply with the Scheduling Order's requirements for summary judgment practice, I will deny their motion."); *Walker Digital LLC v. LinkedIn Corp. et al.*, No. 11-318-LPS, D.I. 222 (D. Del. Mar. 25, 2013)

(denying defendant's motion for leave to file a motion for summary judgment of invalidity based on claiming unpatentable subject matter because "allowing the filing of one case-dispositive motion in advance of any other case-dispositive motions . . . is not warranted and will not promote judicial economy") (Ex. B); *Enova Tech. Corp. v. Initio Corp. et al.*, No. 10-04-LPS, D.I. 437 (D. Del. Jan. 28, 2013) (denying plaintiff's request to brief the sufficiency of the intent element of defendant's claim of inequitable conduct because the court construed the request as one for leave to file an untimely "case dispositive motion") (Ex. C); *Rodriguez v. Ortiz*, No. 16-1991, 2016 WL 6561556, at *1 (D.N.J. Nov. 2, 2016) ("Mr. Rodriguez filed the present motion without permission from the Court and did not bring this discovery dispute to the Court's attention via an informal letter as directed.  For these reasons, his request will be denied without prejudice.").

In a letter filed after its motion was filed, Avadel has taken the position that its motion does not run afoul of the Scheduling Order because the provision in question "actually refers to 'case dispositive' motions (i.e., summary judgment motions)."  *See* D.I. 121.  Avadel's position does not excuse its violation of the Court's Scheduling Order in this case for two reasons.

***First***, Avadel's motion seeks relief that is dispositive as to its delisting counterclaim.  It does not matter whether that relief is sought through a Rule 12(c) motion or a summary judgment motion; leave is required either way under the operative Scheduling Order in this case.  In fact, the decision that Avadel cited in its letter actually supports Jazz's position.  In *MAZ Encryption Techs. LLC v. Blackberry Corp.*, the Scheduling Order permitted two types of dispositive motions:  (1) any kind, which had to "be served and filed ***on or before*** one hundred and eighty (180) days following the Court's claim construction ruling"; and (2) "case dispositive motion[s] ***under Rule 56***," which could not be filed "more than ten (10) days before the above date without leave of the Court."  No. 13-304, D.I. 28 at 10 (D. Del. Mar. 21, 2014) (emphasis added) (Ex. D).  Therefore,

the Scheduling Order in *MAZ Encryption* only required leave of Court for early summary judgment motions, and that is why the Court made its comment about requiring leave for such filings.  *See* No. 13-304, 2016 WL 5661981, at *5 (D. Del. Sep. 29, 2016).  The Scheduling Order in this case, on the other hand, does not draw any such distinction.  Instead, it states that ***no*** case dispositive motions shall be filed without leave of Court, no matter whether they are pursuant to Rule 56 or otherwise.

*Second*, the motion need not be dispositive of the ***entire*** case to qualify as a "case dispositive motion."  An attempt to seek disposition of any claim or counterclaim in a case qualifies.  *See Neology, Inc. v. Fed. Signal Corp.*, No. 11-672, 2012 WL 4342070, at *2 (D. Del. Sept. 21, 2012).

The Court's admonition to seek leave prior to filing case dispositive motions is a means of overseeing and controlling its own docket.  It is also a means to prevent a party from filing complex motions at a time when the Court's time and resources need to be directed elsewhere or when other matters need to be resolved before such motion can be filed (which is the case here with respect to at least claim construction (*see* D.I. 55 at 5-6)).  Avadel's unilaterally filed motion usurps the Court's authority over its own docket and should be denied on this basis.

The Court has not granted Avadel leave to file its "Renewed Motion for Partial Judgment on the Pleadings."  To the extent that the Court grants such leave in the future, Jazz will oppose on the merits at that time.

## II.     CONCLUSION

For the foregoing reasons, the Court should deny Avadel's "Renewed Motion for Partial Judgment on the Pleadings" (D.I. 117).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

July 7, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 7, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 7, 2022, upon the following in the manner indicated:

Daniel M. Silver, Esquire                                    *VIA ELECTRONIC MAIL*
Alexandra M. Joyce, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

Kenneth G. Schuler, Esquire                              *VIA ELECTRONIC MAIL*
Marc N. Zubick, Esquire
Alex Grabowski, Esquire
Sarah W. Wang, Esquire
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
*Attorneys for Defendant*

Herman H. Yue, Esquire                                    *VIA ELECTRONIC MAIL*
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020
*Attorneys for Defendant*

Sarah Propst, Esquire                                        *VIA ELECTRONIC MAIL*
Audra Sawyer, Esquire
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
*Attorneys for Defendant*

Yi Ning, Esquire                                                                    *VIA ELECTRONIC MAIL*
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
*Attorneys for Defendant*

Daralyn J. Durie, Esquire                                              *VIA ELECTRONIC MAIL*
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
*Attorneys for Defendant*

Kira A. Davis, Esquire                                                    *VIA ELECTRONIC MAIL*
Katherine E. McNutt, Esquire
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
*Attorneys for Defendant*


                                        */s/ Jeremy A. Tigan*

                                        _____

                                        Jeremy A. Tigan (#5239)