# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-691-GBW<br><br>**PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1138-GBW |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1594-GBW |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF BRUCE CORSER, M.D.
<u>REGARDING U.S. PATENT NO. 11,077,079</u>**

**TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

II. SUMMARY OF ARGUMENT ................................................................................................. 1

III. ARGUMENT ............................................................................................................................. 2

    A. Legal Standards ................................................................................................................ 2

    B. Dr. Corser's Opinions Regarding The '079 Patent Should Be Excluded .............. 3

IV. CONCLUSION .......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
   350 F.3d 316 (3d Cir. 2003) .................................................................................................. 2

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ............................................................................................................... 2

*Genuine Enabling Tech. LLC v. Sony Corp.*,
   No. 17-135, 2022 WL 17325656 (D. Del. Nov. 28, 2022) ..................................................... 5

*Magnetar Technologies Corp. v. Six Flags Theme Parks Inc.*,
   No. 07-127, 2014 WL 529983 (D. Del. Feb. 7, 2014),
   *adopting report and recommendation*,
   61 F.Supp.3d 437 (D. Del. 2014) ........................................................................................... 5

*Oddi v. Ford Motor Co.*,
   234 F.3d 136 (3d Cir. 2000) ................................................................................................... 2

*In re TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999) ................................................................................................... 4

### Rules/Statutes

F.R.E. Rule 702 ............................................................................................................................. 4

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") move to exclude a discrete portion of the testimony of Avadel CNS Pharmaceuticals, LLC's ("Defendant" or "Avadel") expert, Bruce Corser, M.D., regarding U.S. Patent No. 11,077,079 ("'079 Patent"). Dr. Corser has two expert reports, totaling 145 paragraphs. The parties are proceeding to a five-day jury trial beginning on February 26, 2024. This motion seeks exclusion of opinions set forth in only 5 paragraphs of Dr. Corser's reports.

**II.     SUMMARY OF ARGUMENT**

The discrete portions of Dr. Corser's reports upon which this motion focuses should be excluded because they are conclusory, based on unreliable methodology, and do not "fit" any disputed issue in this case.

All but 5 paragraphs of Dr. Corser's reports concern alleged benefits of Avadel's once-nightly LUMRYZ™ over Jazz's twice-nightly oxybate products. The other 5 paragraphs, which are the focus of this motion, are framed as if they concern Avadel's arguments that the '079 Patent's asserted claims lack written description support and are not enabled. In particular, Dr. Corser opines that "I see no information in the '079 patent that would lead me to believe that the inventors behind that patent had a drug product that enables the effective treatment of narcolepsy with a single daily dose or promotes the patient to sleep for 6 to 8 hours" and that "[t]he '079 patent lacks any meaningful data pertinent to that issue." A1825, ¶ 96.

But Dr. Corser's report also makes clear that he is "not opining here on what data is or is not enough under the patents laws." A1825, ¶ 95. He further confirmed at deposition that he has no written description or enablement opinions. And he was never instructed on the legal standards for written description and enablement or what information can support written description or enablement. Nor did Dr. Corser consider evidence that Jazz offers in rebuttal to

Avadel's written description and enablement arguments. At bottom, although Avadel has two other experts addressing written description and enablement for the '079 Patent, it appears that Avadel wants to put a sleep medicine doctor on the stand to say that he sees no "meaningful data," but without that doctor actually conducting a proper written description or enablement analysis. And worse, Dr. Corser could not identify at deposition what he would need to see in the '079 Patent to consider it meaningful.

Dr. Corser cannot testify that he knows what he sees is purportedly not "meaningful" without explaining why that is his opinion. The discrete opinions that Jazz seeks to exclude are conclusory, based on no methodology whatsoever, and do not "fit" the disputed written description and enablement issues for the '079 Patent. The Court should grant this motion.

### III. ARGUMENT

#### A. Legal Standards

Avadel has the burden of proving that the testimony its expert will offer is reliable and relevant. *See Oddi v. Ford Motor Co.*, 234 F.3d 136, 144-45 (3d Cir. 2000). "An 'expert's opinion must be based on [scientific methods, not] on subjective belief or unsupported speculation.'" *Id.* at 158. The information provided by experts should be "ground[ed] in the methods and procedures of science" and be "more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993). In examining this requirement, the focus must be on "principles and methodology" rather than on the conclusions generated by the expert. *Id.* at 595. Also, expert testimony must "fit," "meaning the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact." *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (internal quotations omitted).

### B. Dr. Corser's Opinions Regarding The '079 Patent Should Be Excluded

Dr. Corser is a sleep medicine doctor. Dr. Corser opines that "I see no information in the '079 patent that would lead me to believe that the inventors behind that patent had a drug product that enables the effective treatment of narcolepsy with a single daily dose or promotes the patient to sleep for 6 to 8 hours" and that "[t]he '079 patent lacks any meaningful data pertinent to that issue." A1825, ¶ 96. Dr. Corser admits, however, that he is "not opining here on what data is or is not enough under the patents laws." A1825, ¶ 95. He confirmed at deposition that he has no opinions regarding written description. A1839, 52:2-7 ("Q. Are you offering an opinion in this case about whether Jazz's patents contain requisite written description support for the claims of patents? A. No."). And he is not offering any opinions regarding enablement. A1839, 52:16-21 ("Q. Are you offering opinions about whether Jazz's patents in this case would enable a person of ordinary skill in the art to practice the claims of the inventions? A. No."). Dr. Corser's opinions are not supported by an underlying factual basis and instead are improperly conclusory.

Dr. Corser, in providing his opinions, did not even consider contrary evidence presented by one of Jazz's experts, Dr. Greenblatt. In his report, Dr. Greenblatt cited data supporting the '079 Patent's asserted claims, which is incorporated by reference into the '079 Patent's specification. A1874-A1875, ¶¶ 52-54; A1876, ¶ 57. Dr. Corser states, "I offer no opinion on the data supposedly incorporated by reference into the '079 patent. I understand that another of Avadel's experts will respond to Dr. Greenblatt's opinion about the data supposedly[1] incorporated by reference." A1904, ¶ 49.

---

[1] When asked if he "kn[e]w whether the word 'supposedly' [used twice] was suggested by you or the attorneys that helped you draft the report," Dr. Corser candidly answered: "Not by me." A1843, 65:5-66:25.

Moreover, when asked at his deposition, "[a]t what point would you have enough data to support the claims," Dr. Corser said: "I think it's impossible to say because every drug is different, and, you know, the information required to support a patent is different than any given situation, depending on the disease state." A1840, 56:1-8. And, when asked point blank, "[f]or the claims of the '079 patent, can you tell me what comprehensive body of data you would need to see to support the claims," Dr. Corser answered: "No, I can't. I can't." A1841, 58:6-9. Dr. Corser also confirmed that before his participation in this case he never analyzed a patent to see if it had the type of data that would be required to support a patent claim for the treatment of narcolepsy. A1841, 59:4-10. And there is no indication that Dr. Corser was instructed on any legal principles related to written description or enablement or what information can be used in those inquiries.[2] In sum, Dr. Corser did not know what methodology to apply and, consequently, did not apply *any* methodology in forming his opinions.

"Rule 702's 'helpfulness' or 'fit' prong 'requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.'" *In re TMI Litig.*, 193 F.3d 613, 674 (3d Cir. 1999) (internal citation omitted). Dr. Corser offers the conclusory opinion that there is no data supporting the claims, without being able to say what data would be enough to support the claims, and admittedly did not consider the evidence identified by Dr. Greenblatt. Further, Dr. Corser admits that he is not opining on whether the disclosures in the '079 Patent satisfy the written description or enablement requirements. In fact, he does not even purport to have any understanding of what is required to show that the written description or enablement requirement has or has not been met.

---

[2] Dr. Corser's reports disclose other legal principles related to the person of ordinary skill in the art upon which Dr. Corser was instructed. A1797-A1798, ¶¶ 9-13.

- 4 -

Dr. Corser cannot testify that he knows what he sees is purportedly not "meaningful" without explaining why that is his opinion. Yet that is what Dr. Corser has done here. Dr. Corser's conclusory opinions are not useful to the trier of fact. *See Genuine Enabling Tech. LLC v. Sony Corp.*, No. 17-135, 2022 WL 17325656, at *6 (D. Del. Nov. 28, 2022) ("[T]estimony consisting of conclusory assertions and bald conclusions—as in an expert's testimony that 'it is so'—does not assist the factfinder in understanding the evidence or determining facts in issue.") (internal quotations omitted); *see also Magnetar Technologies Corp. v. Six Flags Theme Parks Inc.*, No. 07-127, 2014 WL 529983, *6 (D. Del. Feb. 7, 2014), *adopting report and recommendation*, 61 F.Supp.3d 437, 441-442 (D. Del. 2014) (striking expert opinion that "merely contains conclusory statements"). Accordingly, Dr. Corser's opinions relating to the "single daily dose" and "promotes the patient to sleep for 6 to 8 hours" claim elements in paragraphs 94 to 96 of his opening report and paragraphs 48 and 49 of his reply report should be excluded.

## IV.  CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Corser's opinions regarding the '079 Patent identified herein.

- 6 -

Dated: November 30, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 30, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Daralyn J. Durie, Esquire  VIA ELECTRONIC MAIL
Eric P. Berger, Esquire
Rebecca E. Weires, Esquire
Adam R. Brausa, Esquire
Tannyr Pasvantis, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Kira A. Davis, Esquire  VIA ELECTRONIC MAIL
Henry Huttinger, Esquire
Katherine E. McNutt, Esquire
Rose S. Lee, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
*Attorneys for Defendant*

David F. McGowan, Esquire  VIA ELECTRONIC MAIL
David F. Kowalski, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130
*Attorneys for Defendant*

Andrew T. Jones, Esquire  VIA ELECTRONIC MAIL
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Defendant*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)