IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE
EXPERT TESTIMONY OF DR. ALEXANDER KLIBANOV AND
DR. CARLO GIOVANNI TRAVERSO REGARDING
AVADEL'S INFRINGEMENT OF THE SUSTAINED RELEASE PATENTS**

**TABLE OF CONTENTS**

                                                                                      **Page**

I.    NATURE AND STAGE OF THE PROCEEDINGS.......................................................... 1

II.   SUMMARY OF ARGUMENT ................................................................................... 1

III.  ARGUMENT .............................................................................................................. 2

    A.    Legal Standards................................................................................................ 2

    B.    Drs. Klibanov And Traverso's Non-Infringement Opinions Are Inconsistent With The Court's Claim Construction For The "Sustained Release Portion"............................... 3

IV.  CONCLUSION ......................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*CAO Lighting, Inc. v. Gen. Elec. Co.*,
  No. 20-681, 2023 WL 1930354 (D. Del. Jan. 30, 2023) (Williams, J.) .............................. 2, 5

*Cordis Corp. v. Boston Sci. Corp.*,
  561 F.3d 1319 (Fed. Cir. 2009) ........................................................................................ 5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) ........................................................................................ 2

*Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*,
  232 F. Supp. 3d 632 (D. Del. 2017) ................................................................................. 3

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
  449 F.3d 1209 (Fed. Cir. 2006) ........................................................................................ 3

*Minerva Surgical, Inc. v. Hologic, Inc.*,
  No. 18-217, 2021 WL 3048447 (D. Del. July 20, 2021) ................................................. 2

*Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*,
  302 F. Supp. 3d 597 (D. Del. 2017) ................................................................................. 3

*Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*,
  442 F.3d 1322 (Fed. Cir. 2006) ........................................................................................ 6

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") move to exclude testimony of Avadel CNS Pharmaceuticals, LLC's ("Defendant" or "Avadel") experts, Drs. Alexander Klibanov and Carlo Giovanni Traverso, regarding Avadel's infringement of U.S. Patent Nos. 10,758,488, 10,813,885, 10,959,956, and 10,966,931 (collectively, "the Sustained Release Patents"). The parties are proceeding to a five-day jury trial beginning on February 26, 2024. This motion seeks exclusion of testimony concerning one of Avadel's five non-infringement defense theories. In particular, Jazz moves to exclude the portions of Dr. Klibanov's opinions that concern whether Avadel's LUMRYZ™ product meets the "sustained release portion" of the Sustained Release Patents' asserted claims (A0164-A0193, ¶¶ 42-84), and the portions of Dr. Traverso's opinions on which Dr. Klibanov relies for his opinions (A1547-A1568, ¶¶ 35-79).

**II.    SUMMARY OF ARGUMENT**

Avadel's experts' opinions regarding the "sustained release portion" should be excluded because they contradict the Court's claim construction for that term. In fact, Avadel's experts employ (and reargue for) the construction that Avadel previously proposed for "sustained release portion," and that the Court rejected.

The Court construed "sustained release portion" to have its "[p]lain and ordinary meaning, i.e., the portion of the formulation that is not immediate release and that releases over a period of time." D.I. 229 at 4-9. In so doing, the Court rejected Avadel's proposed construction that required a "gradual, extended release, as opposed to releasing a majority of the drug within an hour upon exposure to *intestinal pH*." *Id.* According to Avadel, "intestinal pH" requires a "buffered aqueous medium at a pH of 6.8." A0173-A0174, ¶¶ 56-57. The Court rejected that argument, finding that a media of "*simulated intestinal fluid . . . was not recited in the claims*."

1

*Id.* at 6 (emphasis added).  Instead, the Court found that "the claim language recites a dissolution profile measured in *deionized water* using expressly identified time limits." *Id.* at 5 (emphasis added).

Despite the Court's findings that deionized water was the proper media, Avadel seeks to offer non-infringement testimony that directly contradicts the Court's claim construction.  In particular, Dr. Klibanov relies on tests using Avadel's rejected buffered pH 6.8 media.  A0173-A0174, ¶¶ 56-57.  Based on that testing, Dr. Klibanov concludes that LUMRYZ™ does not meet the "sustained release portion" claim element because LUMRYZ™'s controlled release ("CR") coated pellets "release all of their sodium oxybate in less than one hour after exposure to *pH 6.8*." *See, e.g.*, A0183, ¶ 67.  That was Avadel's proposed construction of "sustained release portion" that the Court *rejected*.  Drs. Klibanov and Traverso's testimony regarding Avadel's infringement of the "sustained release portion" should be excluded.

### III.  ARGUMENT

#### A.  Legal Standards

The Federal Circuit and this District have consistently excluded expert testimony that is inconsistent with a court's claim construction.  "Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009); *see also Minerva Surgical, Inc. v. Hologic, Inc.*, No. 18-217, 2021 WL 3048447, at *6 (D. Del. July 20, 2021) ("No party may contradict the court's construction to a jury.").

"The opinions of a patent infringement expert who applies an erroneous claim construction are inadmissible." *Minerva*, 2021 WL 3048447, at *6; *see also CAO Lighting, Inc. v. Gen. Elec. Co.*, No. 20-681, 2023 WL 1930354, at *3 (D. Del. Jan. 30, 2023) (Williams, J.) (excluding "non-infringement opinions . . . based on a construction of the claim term that is

contrary to the Court's claim construction"); *Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (affirming exclusion of expert testimony as "irrelevant because it was based on an impermissible claim construction" and "could prejudice and confuse the jury"); *Sprint Commc'ns Co. L.P. v. Cox Commc'ns Inc.*, 302 F. Supp. 3d 597, 619-21, 624 (D. Del. 2017) (excluding expert testimony "contrary to the court's claim constructions" and "likely to mislead and confuse a jury"). In short, "expert testimony that is inconsistent with the Court's claim construction is unreliable and unhelpful to the finder of fact." *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 632, 635 (D. Del. 2017).

**B.     Drs. Klibanov And Traverso's Non-Infringement Opinions Are Inconsistent With The Court's Claim Construction For The "Sustained Release Portion"**

Avadel's experts' opinions regarding Avadel's infringement of the "sustained release portion" directly contradict the Court's claim construction. Drs. Klibanov and Traverso opine that the "appropriate" testing to determine whether LUMRYZ™ meets the "sustained release portion" claim element is in simulated intestinal fluid at a buffered pH of 6.8. *See e.g.*, A0173-A0174, ¶¶ 55-57; A1551-A1568, §§ VII.B, VIII, IX. But the Court's *Markman* opinion could not be clearer in rejecting that proposed testing for the "sustained release portion" claim element.

The Court found that, "[w]hile the '488 patent's specification provides examples of other dissolution media that could be employed in certain embodiments (e.g., 'simulated intestinal fluid,' '488 patent at 8:4), that media was not recited in the claims." D.I. 229 at 6. The Court expressly found that this "undermin[ed] Avadel's effort to include a limitation based on the sustained release portion's exposure to intestinal pH," and rejected Avadel's construction that attempted to do so. *Id.* Instead, the Court found that "the claims set forth the specific dissolution profile and the specific media used—that is, the 'sustained release portion' of the claimed formulation must 'release[] greater than about 40% of its gamma-hydroxybutyrate by about 4 to

3

about 6 hours when tested in a dissolution apparatus 2 in deionized water . . . .'" *Id.* at 5.  The Court concluded "the claim language recites a dissolution profile measured in deionized water using expressly identified time limits." *Id.*

Dr. Klibanov agreed at deposition that the Court said in its *Markman* opinion that intestinal fluid testing is *not* a limitation in the Sustained Release Patents' claims.  A0547, 214:8-17.  Despite this, Dr. Klibanov opines that LUMRYZ™ does not meet the "sustained release portion" claim element because LUMRYZ™'s CR coated pellets "release all of their sodium oxybate in *less than one hour after exposure to pH 6.8 [simulated intestinal fluid]*." *See, e.g.*, A0183, ¶ 67 (emphasis added).  Dr. Klibanov and Dr. Traverso opine that the "relevant testing" for determining whether LUMRYZ™ meets the "sustained release portion" claim element is "in *simulated intestinal fluid*: namely, a *buffered aqueous medium at a pH of 6.8*." A0173-A0174, ¶¶ 56-57; *see also* A1551-A1568, §§ VII.B, VIII, IX.[1]  Avadel's experts' opinions mirror Avadel's proposed construction for "sustained release portion" that was rejected by the Court:  "A gradual, extended release, *as opposed to releasing a majority of the drug within an hour upon exposure to intestinal pH*." D.I. 229 at 4 (emphasis added).  This alone requires exclusion of Avadel's experts' testimony.  *See supra* at 2-3 (collecting cases).

But Dr. Klibanov's opinions go even further in contradicting the Court's claim construction.  Dr. Klibanov repeats arguments, including alleged prosecution history estoppel, that Avadel presented, and the Court rejected, during *Markman*.  For example, the Court rejected Avadel's attempt "to exclude the pH-based intestinal release profile from the scope of the

---

[1] Despite purportedly opining in his report that dissolution testing at pH 6.8 was required to determine whether LUMRYZ™ meets the claimed "sustained release portion," (*see* A1567, ¶ 76) Dr. Traverso testified at deposition that he is not offering any opinions on whether that is a requirement of the claims and also that he is not offering any opinions on infringement.  *See, e.g.*, A1595, 98:3-13; A1596, 102:19-104:1.

4

claims." D.I. 229 at 6.  In so doing, the Court rejected Avadel's argument that "Jazz clearly and unambiguously surrendered claim scope during prosecution," finding both that "there is no amendment-based disclaimer" and that "there is no argument-based disclaimer." *Id.* at 6-8. Again, despite this, Dr. Klibanov advances the same prosecution history estoppel arguments that Avadel advanced during *Markman*, and that the Court rejected in its opinion. *See, e.g.*, A0167-A0171, ¶¶ 48-52; A0187-A0193, ¶¶ 75-84; *see also* A0255-A0256, ¶ 29 (comparing Dr. Klibanov's opinions to Avadel's *Markman* arguments).

Dr. Klibanov's regurgitation of Avadel's alleged prosecution history estoppel arguments also requires exclusion of his testimony.  As this Court has held, "use of the prosecution history raises issues solely for the court, not the jury.  Thus testimony grounded in the prosecution history to discern the meaning of a claim is properly excluded from presentation to the jury, especially where, as here, a fair reading of the expert report reveals an intention to argue claim construction." *CAO Lighting*, 2023 WL 1930354, at *6 (internal citations and quotations omitted) (excluding non-infringement expert testimony that "improperly relies on the [challenged] patent's file history to import a limitation" into the claims); *see also Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("[I]t is improper to argue claim construction to the jury because the 'risk of confusing the jury is high when experts opine on claim construction.'") (internal citation omitted).

Moreover, Avadel cannot credibly argue that its experts' opinions go to step-two of the infringement analysis, as Dr. Klibanov asserted at deposition.  A0546-A0547, 212:7-214:21. Dr. Klibanov appears to opine that he is using the buffered pH 6.8 testing to determine whether release is "over a period of time," as required by the Court's claim construction. *See, e.g.*, A0165-A0167, ¶¶ 45-47.  But the Court already found, over Avadel's insistence to the contrary,

5

that the "period of time" portion of its construction "is not unbounded—rather, the relevant time period is expressly set forth in the claims." D.I. 229 at 6. In fact, in rejecting Avadel's buffered pH 6.8 testing construction, the Court expressly found that "the claims set forth the specific dissolution profile and the specific media used—that is, the 'sustained release portion' of the claimed formulation must 'release[] greater than about 40% of its gamma-hydroxybutyrate by about 4 to about 6 hours when tested in a dissolution apparatus 2 in deionized water . . . .' Thus, the claim language recites a dissolution profile measured in deionized water using expressly identified time limits." *Id.* at 5.

Drs. Klibanov and Traverso allege that the deionized water dissolution "conditions recited in the claims of the Sustained Release patents do not provide appropriate testing conditions to characterize the release of sodium oxybate from the LUMRYZ controlled release pellets." A0174-A0175, ¶ 58; *see also, e.g.*, A1567-A1568, § IX. But dissolution testing performed in deionized water is what the claims *expressly recite and therefore require*. Drs. Klibanov and Traverso cannot change the testing requirements explicitly set forth in the asserted claims, which is also consistent with the Court's construction of those claims. If "a court may not use the accused product or process as a form of extrinsic evidence to supply limitations for patent claim language," *Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1331 (Fed. Cir. 2006), then Avadel's experts certainly cannot. This provides a further basis for exclusion of Drs. Klibanov's and Traverso's testimony.

## IV. CONCLUSION

For the foregoing reasons, the Court should exclude Drs. Klibanov's and Traverso's opinions regarding Avadel's infringement of the "sustained release portion" claim element.

6

Dated: November 30, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 30, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Daralyn J. Durie, Esquire  
Eric P. Berger, Esquire  
Rebecca E. Weires, Esquire  
Adam R. Brausa, Esquire  
Tannyr Pasvantis, Esquire  
MORRISON & FOERSTER LLP  
425 Market Street  
San Francisco, CA  94105  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Kira A. Davis, Esquire  
Henry Huttinger, Esquire  
Katherine E. McNutt, Esquire  
Rose S. Lee, Esquire  
MORRISON & FOERSTER LLP  
707 Wilshire Boulevard  
Los Angeles, CA  90017  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

David F. McGowan, Esquire  
David F. Kowalski, Esquire  
MORRISON & FOERSTER LLP  
12531 High Bluff Drive, Suite 100  
San Diego, CA  92130  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

Andrew T. Jones, Esquire  
MORRISON & FOERSTER LLP  
2100 L Street, NW, Suite 900  
Washington, D.C.  20037  
*Attorneys for Defendant*

*VIA ELECTRONIC MAIL*

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)