IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-691-GBW<br><br>**HIGHLY CONFIDENTIAL-<br>FILED UNDER SEAL** |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1138-GBW |
| JAZZ PHARMACEUTICALS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AVADEL CNS PHARMACEUTICALS, LLC,<br><br>Defendant. | C.A. No. 21-1594-GBW |

**CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 3
<u>OF NONOBVIOUSNESS OF THE SUSTAINED RELEASE PATENTS</u>**

## TABLE OF CONTENTS

I.   THE SUSTAINED RELEASE PATENTS .................................................................................. 1

II.  MS. GRAY'S OBVIOUSNESS OPINIONS ARE BASED ON DISCLOSURES
     THAT WOULD NOT HAVE BEEN AVAILABLE TO A POSA ................................... 2

## I. THE SUSTAINED RELEASE PATENTS

1. U.S. Patent Nos. 10,758,488 ("'488 Patent"), 10,813,885 ("'885 Patent"), 10,959,956 ("'956 Patent"), and 10,966,931 ("'931 Patent"), all titled, "Controlled Release Dosage Forms for High Dose, Water Soluble and Hygroscopic Drug Substances," issued on September 1, 2020, October 27, 2020, March 30, 2021, and April 6, 2021, respectively. C.A. No. 21-691, D.I. 325, ¶¶ 9-12; A0002; A0035; A0066; A0098. The parties refer to these four patents as the Sustained Release Patents. A1092, ¶ 10. The effective filing date of each patent, March 24, 2011, is before March 2013. A0002; A0035; A0066; A0098.

2. Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") have asserted that Avadel CNS Pharmaceuticals, LLC ("Defendant" or "Avadel") infringes claims 1-8 and 10-12 of the '488 Patent, claims 1-6 and 8-15 of the '885 Patent, claims 1-8 and 10-11 of the '956 Patent, and claims 1-6 and 8-15 of the '931 Patent. C.A. No. 21-691, D.I. 325, ¶¶ 24-75; A0143-A0144, ¶ 17; A0212, ¶ 19.

3. Each asserted claim of the Sustained Release Patents requires, among other elements, that the "sustained release portion releases greater than about 40% of its gamma-hydroxybutyrate by about 4 to about 6 hours when tested in a dissolution apparatus 2 in deionized water at a temperature of 37° C. and a paddle speed of 50 rpm." A0031-A0032; A0063-A0064; A0094-A0095; A0127. Certain of the claims also require that the "sustained release portion releases about 10% or less of its gamma-hydroxybutyrate by about 1 hour when tested in a dissolution apparatus 2 in deionized water at a temperature of 37° C. and a paddle speed of 50 rpm." *See, e.g.*, A0031; A0064; A0095; A0127. Other claims require that the "sustained release portion releases about 60% to about 90% of its gamma-hydroxybutyrate by about 6 hours when tested in a dissolution apparatus 2 in deionized water at a temperature of 37°C. and a paddle speed of 50 rpm." *See, e.g.*, A0031; A0064; A0095; A0127. Avadel's dissolution expert, Ms. Vivian Gray,

refers to these limitations collectively as "the Claimed Dissolution Limitation." A1093-A1104, ¶¶ 90-120.

4. One example of the Claimed Dissolution Limitation is highlighted below in claim 1 of the '488 Patent:

> 1. A formulation comprising immediate release and sustained release portions, each portion comprising at least one pharmaceutically active ingredient selected from gamma-hydroxybutyrate and pharmaceutically acceptable salts of gamma-hydroxybutyrate, wherein:
> a. the sustained release portion comprises a functional coating and a core, wherein the functional coating is deposited over the core, wherein the core comprises at least one pharmaceutically active ingredient selected from gamma-hydroxybutyrate and pharmaceutically acceptable salts of gamma-hydroxybutyrate wherein the functional coating comprises one or more methacrylic acid-methyl methacrylate co-polymers that are from about 20% to about 50% by weight of the functional coating; the sustained release portion comprises about 500 mg to 12 g of at least one pharmaceutically active ingredient selected from gamma-hydroxybutyrate and pharmaceutically acceptable salts of gamma-hydroxybutyrate; and ==the sustained release portion releases greater than about 40% of its gamma-hydroxybutyrate by about 4 to about 6 hours when tested in a dissolution apparatus 2 in deionized water at a temperature of 37° C. and a paddle speed of 50 rpm;==

A0031.

## II. MS. GRAY'S OBVIOUSNESS OPINIONS ARE BASED ON DISCLOSURES THAT WOULD NOT HAVE BEEN AVAILABLE TO A POSA

5. Avadel asserts alleged obviousness of the Sustained Release Patents' asserted claims through two experts. Primarily, Avadel is relying on Dr. Robert S. Langer. For the Claimed Dissolution Limitation, however, Dr. Langer is relying on Ms. Vivian Gray. A1144, ¶ 98 (Dr. Langer stating, "I was asked by counsel to review and rely on Ms. Vivian Gray's report on this issue."); A1161, 43:1-10 ("Q. When you in your report rely on Ms. Gray's opinions, have you independently vetted those, or are you just saying that you are relying upon her investigation and her opinions? A. So I read through her reports, you know, and they looked reasonable to me, but I am relying on them. I didn't independently vet them, if that's the question.").

6. An entire section of Ms. Gray's opening expert report is devoted to her opinions that "the prior art taught the Claimed Dissolution Limitation." A1093-A1104, § IX. Two of Jazz's experts, Dr. Adam C. Myers and Dr. Steven R. Little, provided detailed opinions why the Claimed Dissolution Limitation would not have been obvious based on the prior art. A1307-A1323, ¶¶ 118-167; A1331-A1343, ¶¶ 120-151.

7. In response to the nonobviousness opinions of Jazz's experts, Ms. Gray states in her reply expert report: "Both Dr. Myers and Dr. Little contend that the references I cited to in my Opening Report do not disclose the claimed dissolution limitations. Myers Rpt. ¶ 124; Little Rpt. ¶ 119. As properly viewed by a POSA with experience in dissolution profiles, I agree. The prior art, like the Sustained Release Specification, does not contain sufficient disclosure to convey the claimed subject matter to a POSA." A1350-A1351, ¶ 60.

8. Ms. Gray confirmed at deposition that, in her opinion, the prior art does not disclose the Claimed Dissolution Limitation.

> Q. Paragraph 60 reads: "Both Dr. Myers and Dr. Little contend that the references I cited to in my opening report do not disclose the claim dissolutions limitations." Did I read that correctly?
>
> A. Yes.
> ….
> Q. [D]oes your report say: "As properly viewed by a POSA with experience in dissolution profiles, I agree." Is that what it says?
>
> A. That is what it says.
>
> Q. Okay. And you agree with that?
>
> A. Yes

A1401, 163:14-164:12.

9. Ms. Gray has stated that her obviousness opinions are premised on the "assum[ption] that the Sustained Release Patents' description of different formulations tested under different

- 3 -

- 4 -

dissolution conditions would reasonably convey to a POSA that the inventors were in possession of the claimed subject matter." A1093-A1094, ¶ 90.

- 5 -

Dated: November 30, 2023

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  &amp; SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 30, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Denise Laspina, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |

Daralyn J. Durie, Esquire  *VIA ELECTRONIC MAIL*
Eric P. Berger, Esquire
Rebecca E. Weires, Esquire
Adam R. Brausa, Esquire
Tannyr Pasvantis, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Kira A. Davis, Esquire  *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Katherine E. McNutt, Esquire
Rose S. Lee, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
*Attorneys for Defendant*

David F. McGowan, Esquire  *VIA ELECTRONIC MAIL*
David F. Kowalski, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130
*Attorneys for Defendant*

Andrew T. Jones, Esquire  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Defendant*

/s/ *Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

2