## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAZZ PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-691-GBW <br><br> **PUBLIC VERSION** |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1138-GBW |
| JAZZ PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AVADEL CNS PHARMACEUTICALS, LLC, <br><br> Defendant. | C.A. No. 21-1594-GBW |

**CONCISE STATEMENT OF FACTS IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT NO. 4
OF NO ANTICIPATION OF U.S. PATENT NO. 11,077,079**

**TABLE OF CONTENTS**

I.  THE COMMON ELEMENTS OF THE ASSERTED
    CLAIMS OF THE '079 PATENT.......................................................................1

II. LIANG DOES NOT DISCLOSE THE COMMON ELEMENTS
    OF THE ASSERTED CLAIMS OF THE '079 PATENT..............................................1

## I.  THE COMMON ELEMENTS OF THE ASSERTED CLAIMS OF THE '079 PATENT

1.  U.S. Patent No. 11,077,079 ("'079 Patent"), which issued on August 3, 2021, is titled, "GHB Formulation And Method For Its Manufacture."  C.A. No. 21-1138, D.I. 216, ¶ 10.; A0614.  The effective filing date of the '079 Patent, February 18, 2016, is after March 2013. A0614; A0633; A0666, ¶ 30; A0702, ¶ 153.

2.  Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Ltd. ("Plaintiffs" or "Jazz") have asserted that Avadel CNS Pharmaceuticals, LLC ("Defendant" or "Avadel") infringes claims 1-3, 5, 7-12, 14, and 16-18 of the '079 Patent.  C.A. No. 21-1138, D.I. 216, ¶¶ 25-37; A0212, ¶ 19; A0143-A0144, ¶ 17.

3.  Each asserted claim of the '079 Patent requires, among other claim elements, "opening a sachet containing a solid oxybate formulation," "mixing the formulation with water," and "orally administering the mixture to the patient."  A0630-A0631.  As one example, the above-recited claim elements are highlighted below in claim 1 of the '079 Patent:

> 1. A method of treating narcolepsy in a patient in need thereof, the method comprising:
> administering a single daily dose to the patient, the single daily dose comprising an amount of oxybate equivalent to from 4.0 g to 12.0 g of sodium oxybate, wherein the administering comprises:
> opening a sachet containing a solid oxybate formulation, mixing the formulation with water, and
> orally administering the mixture to the patient, wherein the oxybate formulation comprises an immediate release component and a controlled release component.

A0630.

## II.  LIANG DOES NOT DISCLOSE THE COMMON ELEMENTS OF THE ASSERTED CLAIMS OF THE '079 PATENT

4.  United States Patent Application Publication (No. 2006/0210630 A1) ("Liang" or "Liang 2006") is titled "Controlled Release Compositions of Gamma-Hydroxybutyrate," and is cited on the face of the '079 Patent.  A1465, ¶ 999; A0615.

5.     Avadel encountered Liang before this litigation commenced in 2021.  In 2020, Avadel was prosecuting its U.S. Patent Application No. 16/420,321 ("'321 Application"), which later issued as Avadel's U.S. Patent No. 10,952,986.  A0758.  The earliest effective filing date for Avadel's '986 Patent is July 22, 2016.  A0758.

6.     Like the '079 Patent's asserted claims, Avadel's '321 Application's claim 1 recited, among other elements, "opening a sachet containing a gamma-hydroxybutyrate formulation," "mixing the formulation with water," and "orally administering the mixture."  A0887; *see also* A0871-A0872, ¶ 53.  The United States Patent and Trademark Office ("PTO") rejected claim 1 of the '321 Application as unpatentable over Liang (which Avadel's alleged anticipation expert, Dr. William Charman, relies upon) and another reference, Cook.  A0905; *see also* A0872-A0873, ¶ 54.

7.     In response to that rejection, Avadel stated to the PTO that "Liang do[es] not expressly disclose opening a sachet containing a gamma hydroxybutyrate formulation, mixing the formulation with water and orally administering the mixture."  A0893; *see also* A0872-A0873, ¶ 54.  Avadel further argued to the PTO that the prior art would not have motivated a POSA to administer controlled release gamma-hydroxybutyrate formulations from a sachet, but instead disclosed "inherent problems" with sachet formulations and thus would have taught a POSA to abandon a "problematic" sachet formulation "in favor of a purely liquid formulation."  A0893; *see also* A0872-A0873, ¶ 54.  Avadel also stated that a POSA would not have been able to form a "reasonable expectation of success in combining Cook with Liang" because of concerns surrounding the stability of gamma-hydroxybutyrate and its potential degradation.  A0893-A0894; *see also* A0872-A0873, ¶ 54.

8.     The PTO withdrew its rejection based on Liang and Cook, stating that Avadel's arguments had been "fully considered and are persuasive."  A0967.

9.     Avadel's alleged anticipation expert, Dr. Charman, noted in his Second Supplemental Opening Expert Report that, "during prosecution of U.S. Patent No. 10,952,986 owned by Avadel, Avadel's predecessor argued that Liang 2006 does 'not expressly disclose opening a sachet containing a gamma hydroxybutyrate formulation, mixing the formulation with water and orally administering the mixture." A1471, ¶ 1017, n.47.  Dr. Charman further noted in his report that he "agrees" with the argument that Avadel made to the PTO regarding Liang.  *Id.*[1]  Dr. Charman confirmed at deposition his agreement with the lack of an express disclosure in Liang of "opening a sachet containing a gamma-hydroxybutyrate formulation[,] mixing the formulation with water and orally administering the mixture."  A1530, 381:9-383:10.

10.    Dr. Charman confirmed at deposition that he is not offering any inherent anticipation opinions.  A1530, 381:6-8.

11.    Consistent with what Avadel told the PTO regarding Liang, Jazz's expert rebutting Dr. Charman, Dr. Martyn Davies, offers an opinion that nothing in Liang "teaches, suggests, or discloses that immediate release GHB particles and controlled release GHB particles could or should be pre-mixed in a sachet (and then suspended in water by the end user) prior to administration."  A0870-A0871, ¶ 52.

12.    Dr. Davies further opines that "by expressly agreeing with the arguments Avadel made to the PTO, Dr. Charman necessarily admits that his allegedly anticipatory reference does not 'expressly disclose' two of the claimed method steps.  Further, Dr. Charman does not opine that

---

[1]  Dr. Charman states that "my opinion is that if it is deemed that the '079 patent has an adequate written description, then the comparable disclosures in Liang 2006 likewise discloses [the above-recited claim limitations]."  A1471, ¶ 1017, n.47.

these method steps are inherently disclosed in Liang 2006.  Based upon my understanding of the law of anticipation, Liang 2006 therefore cannot anticipate."  A0879, ¶ 127.

Dated: November 30, 2023

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

/s/ *Jeremy A. Tigan*

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 30, 2023, upon the following in the manner indicated:

Daniel M. Silver, Esquire                                   *VIA ELECTRONIC MAIL*
Alexandra M. Joyce, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

Kenneth G. Schuler, Esquire                                 *VIA ELECTRONIC MAIL*
Marc N. Zubick, Esquire
Alex Grabowski, Esquire
Sarah W. Wang, Esquire
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
*Attorneys for Defendant*

Herman H. Yue, Esquire                                      *VIA ELECTRONIC MAIL*
Franco Benyamin, Esquire
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020
*Attorneys for Defendant*

Audra Sawyer, Esquire                                       *VIA ELECTRONIC MAIL*
Alan J. Devlin, Esquire
Ian Conner, Esquire
Denise Laspina, Esquire
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
*Attorneys for Defendant*

Daralyn J. Durie, Esquire                                   *VIA ELECTRONIC MAIL*
Eric P. Berger, Esquire
Rebecca E. Weires, Esquire
Adam R. Brausa, Esquire
Tannyr Pasvantis, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Kira A. Davis, Esquire                                     *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Katherine E. McNutt, Esquire
Rose S. Lee, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
*Attorneys for Defendant*

David F. McGowan, Esquire                             *VIA ELECTRONIC MAIL*
David F. Kowalski, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130
*Attorneys for Defendant*

Andrew T. Jones, Esquire                                   *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Defendant*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

2