

|  |  |
|---|---|
| **Daniel M. Silver**<br>Wilmington Office Managing Partner<br><br>T. 302-984-6331<br>F. 302-691-1260<br><br>dsilver@mccarter.com | McCarter & English, LLP<br><br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801-3717<br><br>www.mccarter.com |

June 12, 2024

**VIA CM/ECF AND HAND DELIVERY**

The Honorable Gregory B. Williams
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Jazz Pharms., Inc., et al. v. Avadel CNS Pharms., LLC*,
C.A. Nos. 21-691-GBW, 21-1138-GBW, 21-1594-GBW

Dear Judge Williams:

      We write on behalf of Avadel to address issues raised by Jazz at the June 4th hearing on Jazz's Motion for a Permanent Injunction.[1] Jazz initially suggested at the hearing that Avadel <u>could</u> be enjoined from conducting a clinical trial for idiopathic hypersomnia ("IH"). But Jazz later conceded that it is <u>not</u> seeking to enjoin Avadel's anticipated clinical trial for IH. Hearing Tr. 101:4-6 ("[W]e're not seeking to enjoin . . . [the] clinical trials."). Jazz's concession was appropriate, as 35 U.S.C. § 271(e) expressly provides that running a clinical trial for purposes of obtaining FDA approval "shall not be an act of infringement" and thus could not properly be enjoined. *See also Merck KGaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193, 202 (2005).

      Jazz also made concessions confirming that its arguments regarding the application of the *Ebay* factors to the future potential use of Lumryz for IH are premature. No one yet knows what the results of the anticipated IH clinical trial will be, though Avadel reasonably anticipates that the FDA will find that Lumryz is clinically superior to Xywav in IH by way of making a major contribution to patient care through its once-nightly dosing across all dosage strengths. Hearing Tr. 64:22-65:1; 67:3-12; 70:16-25; 75:10-15; 87:6-88:4; 97:8-14; *see also* Hearing Tr. 68:20-69:13 (Lumryz would benefit 77% of Xywav patients who must currently follow a twice-nightly dosing regimen because it unsafe to take more than six grams of immediate release oxybate). Indeed, <u>Jazz expressly admitted that Lumryz may be better than Xywav for patients with IH</u> and that there is not yet sufficient data to answer that question. Hearing Tr. 103:13-14 ("I'm not saying [Lumryz] won't be better . . ."); *see also* Hearing Tr. 103:10 ("This is science. You have to run the studies."). On this record, Jazz's request for an anticipatory injunction for such contingent future conduct should be denied. *See, e.g.*, *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, No. 17-503-HCM, 2019 WL 8108116, at *21 (E.D. Va. Dec. 23, 2019) ("If Cargill does not go to market before . . . the Group A-2 patents expire, the patents in suit and technology embraced by these patents would be of little to no value for anyone. The Proponents do not use the Group A-2 patent technology . . . . Thus, the beneficial technology stagnates and the public is deprived

---

[1] Based on the Scheduling Order (D.I. 585), Avadel expected to have the opportunity for further submissions after the hearing. In view of the Court's decision not to receive those (Hearing Tr. 129:11-14), Avadel respectfully requests that the Court consider the contents of this brief letter.

ME1 48735198v.1

of the benefit of [it]."), *aff'd in relevant part*, 28 F.4th 1247, 1276 (Fed. Cir. 2022) (affirming denial of permanent injunction given "the fact that CSIRO and its partners had not yet entered the commercial market and [plaintiff] had not established that entry was coming soon, and the potential harm done to the public by not allowing both Cargill and CSIRO to enter the underserved fish-food market"). Prudential considerations likewise warrant conservation of judicial resources to avoid prematurely addressing such a contingency. *See, e.g.*, *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 737 (1998) (dispute was not justiciable because "further factual development" was needed to "deal with the legal issues presented") (internal quotation marks omitted); *Sherwin-Williams Co. v. Cnty. of Delaware*, 968 F.3d 264, 272 (3d Cir. 2020) ("A dispute is not ripe for judicial determination if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

If Avadel proceeds with a clinical trial of Lumryz for IH, that trial will generate data that answers the question of whether Lumryz is clinically superior to Xywav for IH. The FDA, who makes the final determination, will have the opportunity to evaluate that data, as it did for narcolepsy. For the avoidance of doubt, Avadel believes it has already established that Jazz failed to meet its burden to show that "Lumryz has no advantage over Xywav for IH." Jazz Reply, D.I. 610, at 3. But, at a minimum, Avadel respectfully submits the Court should wait until there is a more fully developed record to determine whether "at least some patients would likely suffer negative consequences if Defendant were enjoined from launching [Lumryz] for the [IH] indication." *United Therapeutics Corp. v. Liquidia Technologies, Inc.*, No. 23-975-RGA, 2024 WL 2805082, at *15 (D. Del. May 31, 2024).

On this record, and particularly in view of Jazz's June 4th concessions, Jazz's efforts to chill Avadel's statutorily-protected right to engage in a clinical trial and to develop the evidence that will further confirm the benefits of Lumryz to IH patients should be rejected. The Court should permit Avadel to develop that factual record, consistent with 35 U.S.C. § 271(e), and permit Jazz to renew its request for an injunction after the Court has had an opportunity to evaluate that evidence and benefit from the guidance of the sleep experts at FDA.

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)

cc:   All counsel of record (via CM/ECF and E-Mail)