IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAZZ PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-691 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | ██████████ |
| | ) | |
| Defendant. | ) | **REDACTED - PUBLIC VERSION** |
| | | |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1138 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | ██████████ |
| | ) | |
| Defendant. | ) | **REDACTED - PUBLIC VERSION** |
| | | |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1594 (GBW) |
| | ) | |
| AVADEL CNS PHARMACEUTICALS LLC, | ) | ██████████ |
| | ) | |
| Defendant. | ) | **REDACTED - PUBLIC VERSION** |

## PLAINTIFFS' UNOPPOSED MOTION TO SEAL AND REDACT MEMORANDUM OPINION

Pursuant to the Court's May 23, 2024 Oral Order (C.A. No. 21-691, D.I. 625), Plaintiffs

Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited respectfully request that the

Court enter an order maintaining under seal a limited portion of the Court's Memorandum Opinion

Regarding Summary Judgment and *Daubert* Motions (the "Opinion") (C.A. No. 21-691, D.I. 539; C.A. No. 21-1138, D.I. 425; C.A. No. 21-1594, D.I. 423).   Specifically, Jazz seeks to redact a small portion of page 26 that relates to structuring a three-tiered royalty.   A version of the Opinion with the proposed redactions highlighted is attached hereto as Exhibit A and a version with the proposed redactions applied is attached hereto as Exhibit B.

Pursuant to D. Del. LR 7.1.1, the parties have conferred and Defendant Avadel CNS Pharmaceuticals LLC ("Avadel") does not oppose this motion.   A proposed order is attached for the Court's consideration.

## I.   LEGAL STANDARD

Third Circuit common law presumes a public right of access to judicial records but also protects business and financial information when access would cause economic harm, including competitive harm. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "Although common law right to public access is a recognized and venerated principle, courts have also recognized the accompanying principle that the right is not absolute." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (citations and quotations omitted); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("Despite the presumption, court may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing."). This presumption is overcome where a movant shows "that the interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). This showing may be made by demonstrating that disclosure will work a clearly defined and serious injury to the movant and that the material is the kind of information that courts will protect. *See In re Avandia*, 924 F.3d at 672 (citing *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The Court will apply a "good cause" standard justifying sealing or redacting

judicial records, requiring a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994)).

## II. THE THIRD CIRCUIT'S REQUIREMENTS FOR LIMITED REDACTIONS ARE SATISFIED

Good cause exists to maintain the requested information under seal because disclosure of that information would cause real and serious competitive harm to Jazz if publicly disclosed.

Jazz's limited proposed redactions are directed to confidential and proprietary financial data, projections, and forecasts, which constitute highly sensitive business information that is not available to the public or competitors. As described in the Declaration of P.J. Honerkamp, Senior Vice President and Business Unit Head for the Sleep business at Jazz Pharmaceuticals, Inc., filed herewith, disclosure of the information would cause Jazz substantial harm in the form of financial damage, competitive harm, and irreparable harm to Jazz's market positioning. Honerkamp Decl. ¶¶ 4-5. More specifically, if left unredacted, Jazz's competitors could use information about the royalty base tiers to gain a competitive advantage over Jazz and enhance their market positions. *Id.* ¶ 5. The proposed redactions only encompass Jazz's commercially sensitive information and are the least restrictive way to protect Jazz's confidential information while at the same time respecting the public's right of access. *Id.* ¶ 6. This is the kind of information that courts will protect and good cause supports sealing this information because the significant competitive harm that will befall Jazz in the absence of sealing. *Littlejohn*, 851 F.2d at 678 (3d Cir. 1988)

Additionally, the ability of the public to understand the Court's order without knowing the specific redacted information at issue in the motion also supports maintaining that information under seal. The public has no legitimate need to know the exact structure of a hypothetical tiered

royalty to understand the Court's order, analysis, and reasoning.  Thus, the significant competitive harm to Jazz outweighs any minimal need of the public to see the information to understand the Court's order and this supports the redactions.

## III.   CONCLUSION

For the foregoing reasons, Jazz respectfully requests that the Court grant its request to seal the limited portion of the Opinion as set forth above.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Nicholas A. LoCastro
Krista M. Rycroft
Quentin Jorgensen
Catherine T. Mattes
Abigail DeMasi
Elizabeth J. Murphy
Raymond N. Nimrod
Ellyde R. Thompson
Brian J. Forsatz, Ph.D.
Shira Bergman
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

Alexandra Kim
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
111 Huntington Ave., Suite 520
Boston, MA  02199
(617) 712-7100

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiffs*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

Christopher D. Porter
Shannon Prince
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
Pennzoil Place
711 Louisiana Street, Suite 500
Houston, TX  77002
(713) 221-7000

June 11, 2024

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 11, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 11, 2024, upon the following in the manner indicated:

Daniel M. Silver, Esquire                                                    *VIA ELECTRONIC MAIL*
Alexandra M. Joyce, Esquire
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

Kenneth G. Schuler, Esquire                                          *VIA ELECTRONIC MAIL*
Marc N. Zubick, Esquire
Alex Grabowski, Esquire
Sarah W. Wang, Esquire
Laryssa Bedley, Esquire
Michelle Chin, Esquire
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL  60611
*Attorneys for Defendant*

Herman H. Yue, Esquire                                               *VIA ELECTRONIC MAIL*
Franco Benyamin, Esquire
Ramya Sri Vallabhaneni, Esquire
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY  10020
*Attorneys for Defendant*

Alan J. Devlin, Esquire                                      *VIA ELECTRONIC MAIL*
Ian Conner, Esquire
Denise Laspina, Esquire
Kelly Welsh, Esquire
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004-1304
*Attorneys for Defendant*

Daralyn J. Durie, Esquire                                    *VIA ELECTRONIC MAIL*
Eric P. Berger, Esquire
Rebecca E. Weires, Esquire
Adam R. Brausa, Esquire
Tannyr Pasvantis, Esquire
Umeet K. Sajjan, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Defendant*

Kira A. Davis, Esquire                                       *VIA ELECTRONIC MAIL*
Henry Huttinger, Esquire
Katherine E. McNutt, Esquire
Rose S. Lee, Esquire
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
*Attorneys for Defendant*

David F. McGowan, Esquire                                    *VIA ELECTRONIC MAIL*
David F. Kowalski, Esquire
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130
*Attorneys for Defendant*

Andrew T. Jones, Esquire                                     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Defendant*

2

Scott F. Llewellyn, Esquire                                          *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
*Attorneys for Defendant*

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)

3